**Martin E. Hansen,** Oregon State Bar ID Number 80052
meh@karnopp.com
**Cynthia Starke**, Oregon State Bar ID Number 01091
cjs@karnopp.com
KARNOPP, PETERSEN, NOTEBOOM
HANSEN, ARNETT & SAYEG, LLP
1201 N.W. Wall Street, Suite 300
Bend, Oregon 97701-1957
TEL: (541) 382-3011
FAX: (541) 383-3073
Attorneys for Plaintiff The Confederated Tribes
    of the Warm Springs Reservation of Oregon

# IN THE U. S. DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally recognized Indian tribe,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA, by and through The Bureau of Indian Affairs,<br><br>    Defendant. | Case No. CV'02-01485-ST<br><br>**AMENDED COMPLAINT** (First)<br>Negligence; Breach of Fiduciary Duty<br>28 U.S.C. §§1346(b), 2671-2680) |

    Plaintiff, the Confederated Tribes of the Warm Springs Reservation of Oregon (the "Warm Springs Tribe"), alleges:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is based on the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-2680 and 28 U.S.C. §1331.

2.

Plaintiff filed an administrative claim with the Bureau of Indian Affairs, United States Department of the Interior, on September 24, 2001, as required by 28 U.S.C. §2675(a). The Office of the Solicitor, Department of the Interior, denied Plaintiff's claim on May 9, 2002.

3.

Venue lies in this Court pursuant to 28 U.S.C. §1402(b) because the incident that is the subject of this lawsuit occurred in this judicial district.

## PARTIES

4.

Plaintiff Warm Springs Tribe is a sovereign Indian tribe, and is recognized as such by the United States. Plaintiff occupies the Warm Springs Reservation of Oregon, and is the legal successor in interest to the Indian signatories of the Treaty With the Tribes of Middle Oregon of June 25, 1855, 12 Stat. 963.

5.

Defendant United States of America, acting by and through the Bureau of Indian Affairs, is charged by law with the duties and obligations of a fiduciary in the management and administration of the Warm Springs Tribe's trust property and resources.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6.

Plaintiff is the beneficial owner of approximately 640,000 acres of land within the Warm Springs Reservation, title to which is held in trust by defendant for the benefit of plaintiff Tribe.

Those lands contain extensive forest resources, which are of enormous economic importance to plaintiff Tribe.

7.

Defendant has historically exercised, and continues to exercise, comprehensive statutory and regulatory control over the management forest resources held in trust for the benefit of plaintiff. *See* 25 U.S.C. 323-325, 405-407, 415, 466, and 3101-3120; *See also* 25 C.F.R. Part 163.

8.

Under longstanding Constitutional, statutory and federal common law, and based upon the historic relationship between defendant and Indian tribes, and defendant's assumption of the obligations and duties of a trustee by establishing and maintaining comprehensive regulatory control of tribal trust lands and resources, defendant owes a fiduciary duty to plaintiff with regard to plaintiff's forest resources. *United States v. Mitchell*, 463 U.S. 206 (1983). In the exercise of that duty, defendant is to be held to the "most exacting fiduciary standards." *Seminole Nation v. United States*, 316 U.S.286, 297 (1942).

9.

On or about September 29, 1999, defendant conducted the Hehe Butte Prescribed Burn (the "Hehe Burn") on the Warm Springs Reservation as an exercise of defendant's duty and authority to manage reservation forestland held in trust for the benefit of plaintiff and individual Indian allottees within the Warm Springs Reservation.

10.

Defendant allowed the Hehe Burn fire to escape beyond its prescribed area, resulting in the burning of extensive reservation forestland containing valuable timber and other resources. The reservation lands damaged by the Hehe Burn fire included tribal land held in trust for the benefit of plaintiff, allotted land held in trust for the benefit of plaintiff, and allotted land held in trust for individual Indians.

# **FIRST CLAIM FOR RELIEF**

## **(Negligence)**

11.

The Bureau of Indian Affairs and its employees were negligent in one or more of the following particulars:

A.	In failing to implement effective fire management and prescribed burn policies and regulations;

B.	In failing to follow its existing fire management and prescribed burn policies and regulations in the planning and administration of the Hehe Burn;

C.	In failing to prepare an adequate burn plan with regard to the Hehe Burn;

D.	In failing to follow the existing burn plan in conducting the Hehe Burn;

E.	In failing to conduct the Hehe Burn in a safe and reasonable manner;

F.	In conducting the Hehe Burn in conditions that were unfavorable to a safe and effective burn;

G.	In conducting the Hehe Burn without adequate resources to control the burn;

H.	In conducting the Hehe Burn without adequate resources to control an ensuing wildfire in the event the burn escaped its prescribed area;

I.	In conducting the Hehe Burn at a time when outside resources could not timely respond to fight an ensuing wildfire in the event the burn escaped its prescribes area;

J.	In failing to prevent the wildfire that actually occurred when the Hehe Burn escaped its prescribed area;

K.	In failing to extinguish that wildfire in a timely manner; and

L.	In otherwise failing to take adequate and reasonable steps to prevent and limit the property damage that occurred as a result of that wildfire.

12.

As a direct and proximate result of defendant's negligence, plaintiff has been damaged in an amount not less than $2,672,000, to be determined at trial.

## **SECOND CLAIM FOR RELIEF**

### **(Breach of Fiduciary Duty)**

13.

Defendant materially breached its fiduciary duty to plaintiff in one or more of the following particulars:

A.  In failing to implement effective fire management and prescribed burn policies and regulations;

B.  In failing to follow its existing fire management and prescribed burn policies and regulations in the planning and administration of the Hehe Burn;

C.  In failing to prepare an adequate burn plan with regard to the Hehe Burn;

D.  In failing to follow the existing burn plan in conducting the Hehe Burn;

E.  In failing to conduct the Hehe Burn in a safe and reasonable manner;

F.  In conducting the Hehe Burn in conditions that were unfavorable to a safe and effective burn;

G.  In conducting the Hehe Burn without adequate resources to control the burn;

H.  In conducting the Hehe Burn without adequate resources to control an ensuing wildfire in the event the burn escaped its prescribed area;

I.  In conducting the burn at a time when outside resources could not timely respond to fight an ensuing wildfire in the event the burn escaped its prescribed area;

J.  In failing to prevent the wildfire that actually occurred when the Hehe Burn escaped its prescribed area;

K.  In failing to extinguish that wildfire in a timely way; and

L.      In otherwise failing to act as a prudent fiduciary with regard to the planning and administration of the Hehe Burn in order to prevent and limit the property damage that occurred as a result of the Hehe Burn fire.

14.

As a result of defendant's breaches, plaintiff has been damaged in an amount not less than $2,672,000, to be determined at trial.

### THIRD CLAIM FOR RELIEF

**(Timber Trespass)**

15.

Plaintiff realleges paragraphs 11 through 14 herein.

16.

By its negligence alleged herein, defendant has committed a timber trespass under Oregon law by unlawfully severing or injuring valuable timber from property held in trust for the benefit of plaintiff.  ORS 105.810-105.815.

17.

By its breaches of fiduciary duty alleged herein, defendant has committed a timber trespass under Oregon law by unlawfully severing or injuring valuable timber from property held in trust for the benefit of plaintiff.  ORS 105.810-105.815.

18.

Plaintiff is entitled to double damages for the value of the timber lost as a result of the timber trespass committed by defendant.  *Id*.

**WHEREFORE**, plaintiff the Warm Springs Tribe prays for a judgment in its favor and against defendant the United States as follows:

1.      On its FIRST CLAIM FOR RELIEF, for judgment in the sum of $2,672,000;

2.      On its SECOND CLAIM FOR RELIEF, for judgment in the sum of $2,672,000;

     3.     On its THIRD CLAIM FOR RELIEF, for judgment in an amount to be determined at trial;

     4.     Plaintiff's prejudgment interest, costs and attorney fees in this litigation as may be provided by law; and

     5.     Such other relief as the Court deems equitable and just.

DATED this __15th__ day of November, 2002.

> /s/ Martin E. Hansen
> **Martin E. Hansen**
> OSB# 80052
> **Cynthia Starke**
> OSB# 01091
> (541) 382-3011
> **Of Attorneys for Plaintiff The Confederated Tribes of the Warm Springs Reservation of Oregon**

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing AMENDED COMPLAINT (First) on:

The United States of America
c/o U.S. Attorney for Oregon
1000 SW 3rd Avenue, Suite 600
US Courthouse
Portland, Oregon 97204-2902

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

- ☐ by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Bend, Oregon.

- ☐ by hand delivery.

- ☐ by sending via overnight courier in a sealed envelope.

- ☐ by faxing to the attorney at the fax number that is the last-known fax number for the attorney's office.

- ☒ by electronic service pursuant to LR 100.13.

DATED this   15th   day of November, 2002.

/s/ Martin E. Hansen
**Martin E. Hansen**
OSB# 80052
**Cynthia Starke**
OSB# 01091
(541) 382-3011
**Of Attorneys for Plaintiff The Confederated Tribes of the Warm Springs Reservation of Oregon**

**CERTIFICATE OF SERVICE**